IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REX E. DOHERTY,

    Defendant.

No. CR 00-00355 WHA

**ORDER DENYING DEFENDANT'S LETTER REQUESTS**

In two letters filed on December 4, 2013, defendant Rex E. Doherty requests relief from the monthly collection of 15% of his social security benefits. He also requests the return of $514 that was part of this collection.

A brief background is needed to understand these two requests. In short, defendant owes a restitution debt of $1,831,094.03 as part of his criminal sentence for bank fraud. Although defendant previously agreed with probation to make monthly payments toward that debt, the United States Attorney's Office discovered that he stopped making such payments. Accordingly, on September 26, 2013, the government re-enrolled defendant in the Treasury Offset Program ("TOP"), so that 15% of his social security benefits would be collected each month to offset some of his restitution debt. This follows defendant's initial enrollment in and later removal from TOP in September 2010 (Laird Decl. ¶¶ 14, 15).

Here, defendant does not contest that he owes the restitution, but submits several reasons for granting his requests. *First*, defendant claims that the government did not provide him with adequate notice about his TOP re-enrollment. *Second*, defendant alleges that the government's notice about TOP was sent to an outdated mailing address. *Third*, defendant asserts that a 15% monthly collection from his social security benefits will prevent him from keeping his current housing, especially in light of his recent health setbacks and medical bills.

While the Court is sympathetic to defendant's hardships, neither his request for relief from the monthly collection nor his request for the return of $514 can be granted. This is because the law permits the government to collect 15% of a debtor's social security benefits to pay off delinquent debts through TOP. 31 C.F.R. 285.4(e)(1)(ii); 31 U.S.C. 3716(c)(3)(A)(i). Moreover, although the government is required to provide notice to a party that is enrolled in TOP for the first time, the government "need not duplicate such notice" if it has previously given the required notice to the party and later re-enrolls that party in TOP. 31 C.F.R. 901.3(b)(4)(iv). As a result, defendant's remaining arguments — concerning inadequate notice and notice being sent to an outdated mailing address — do not provide him with relief, given that the government already sent defendant the required notice when he was first enrolled in TOP (Laird Decl. ¶ 8). Defendants' requests are therefore **DENIED**.

The order, however, encourages defendant to work with the Financial Litigation Unit of the United States Attorney's Office, so that he may either adjust his monthly payment plan or negotiate his removal from TOP. Indeed, defendant has done this before when he was first removed from TOP in September 2010, based on his agreement with probation to make monthly payments and his submitted financial statements. Although defendant writes in his reply letter that he "has no confidence or trust in the fairness of the outcome of filing for relief from the US Attorneys Office," the order agrees that this "is a matter of administrative discretion, and the collecting agency is where [defendant] must press his request." *United States v. Mayer*, 04-CR-100-1-SM, 2010 WL 4916561 (D.N.H. Dec. 3, 2010); *see also United States v. Harrison*, 394-CR-428-D, 2007 WL 2332662 (N.D. Tex. Aug. 16, 2007).

Defendant must remember that he committed bank fraud and thus committed a serious crime. He owes restitution. He will have to adjust his living circumstances so that he can make at least these small payments toward his debt.

**IT IS SO ORDERED.**

Dated: January 6, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3